IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Michael M Johnson Sr. | ) | |
| Brenda Gail Johnson | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| TRANSUNION LLC, | ) | JURY DEMAND |
| Equifax, Inc, | ) | |
| Zillow Homes Loans LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CIVIL ACTION COMPLAINT

### Introduction

1. This is also an action for damages brought by individual consumers against the Defendants for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. 1681 et seq., as amended.

### Jurisdiction and Venue

2. Jurisdiction of this Court is found under 15 U.S.C. § 1681. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1331 of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code. This court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon section 1331 of Title 28 of the United States Code.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff

resides here, and Defendants transact business here.

## Parties

5. The Plaintiffs in this case are citizens and resident of Maury County TN. The Plaintiffs are hereinafter referred to as "Plaintiffs".

6. The Defendant, Zillow Home Loans LLC, also and or formally known as Mortgage Lenders of America and Dovenmuehle Mortgage Inc. (hereafter ZHL) is an LLC conducting business in the State of Tennessee and will be served through the registered agent, United Agent Group, Inc., 205 Powell Place, Brentwood, TN 37027-7522.

7. The Defendant, Equifax, Inc., (hereafter EQ) is a corporation that transacts business in Tennessee and will be served through the registered agent, Equifax, Inc., c/o The Pretice-Hall Corporation System, Inc., 2908 Poston Ave, Nashville, TN 37203-1312.

8. The Defendant, Transunion LLC, (hereafter TU) is a corporation that transacts business in Tennessee and will be served through the registered agent, Transunion LLC, c/o The Pretice-Hall Corporation System, Inc., 2908 Poston Ave, Nashville, TN 37203-1312.

## Factual Allegations

9. On September 25, 2020, the Plaintiffs executed a note with Defendant. The note requires payments to start November 1, 2020, copy attached as Exhibit 1.

10. The note requires monthly principal and interest payments of $785.38 and escrow of $363.09 for a total monthly payment of $1,148.47.

11. On October 21, 2020, Plaintiffs received a notice of servicing transfer, copy attached as Exhibit 2.

12. On October 14, 2020, the Plaintiffs made their first payment (November 2020) of $1,148.47 with check number 4020.

13. On November 5, 2020, the Plaintiffs made their second payment (December 2020) of $1,148.47 with check number 4028.

14. On December 5, 2020, the Plaintiffs made their third payment (January 2021) of $1,148.47 with check number 4037.

15. On December 16, 2020, Plaintiffs received a notice of their loan being sold to FreddieMac and servicing transfer to Amerihome Mortgage Company, copy attached as Exhibit 3.

16. On January 13, 2021, the Plaintiffs made their fourth payment (February 2021) of $1,148.47 with check number 4051.

17. On February 12, 2021, the Plaintiffs made their fifth payment by phone (March 2021).

18. On March 10, 2021, the Plaintiffs made their sixth payment (April 2021) of $1,148.47 with check number 4065.

19. On March 20, 2021, the Plaintiffs made their seventh payment (May 2021) of $1,148.47 with check number 4071.

20. Plaintiffs attach, as Exhibit 4, proof of all payments made from November 2020 through May 2021.

21. Starting around early February 2021, Plaintiffs started receiving calls from ZHL indicating that their payments were behind and that ZHL would ruin the Plaintiffs' credit if the account was not brought current. Mrs. Johnson attaches an affidavit, as Exhibit 5, indicating that she has received approximately 23 calls from ZHL.

22. Plaintiffs tried numerous times unsuccessfully to clear up any confusion regarding their Payments.

23. On April 15, 2021, Plaintiffs sent dispute letters to ZHL and the three major credit reporting agencies along with proof of their timely payments.

24. Mr. Johnson's redacted dispute letters are attached as Exhibit 6 and Mrs. Johnson's redacted dispute letters are attached as Exhibit 7.

## CAUSES OF ACTION

### Count One- Violations of FCRA - ZHL

25. Plaintiffs incorporate by reference all of the above factual allegations and exhibits as if fully set forth herein.

26. At all times pertinent hereto, ZHL is a "Person" and a "furnisher" as those terms are defined by 15 U.S.C. § 1681.

27. At all times pertinent hereto, the Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1681.

28. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Plaintiffs notified EQ, EX and TU that their credit reports contained inaccurate information and provided proof so that EQ, EX and TU would correct the problem. Plaintiffs also sent copies of the disputes to ZHL. ZHL failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681s-2(a)(2) and (8) and 1681s-2(b)(1)(A) and (E). ZHL was furnishing information indicating that there were numerous inaccurate late payments.

31. On April 15, 2021, Plaintiffs provided ZHL with the disputes, see Exhibits 6 and 7.

32. The disputes included the Plaintiffs' name, address, social, and date of birth. Attached to

the dispute letters, the Plaintiffs provided proof of all payments to their mortgage company since November 2020 through the date of dispute.

33. ZHL failed to correctly update Plaintiffs' information with respect to the disputed information in violation of 15 U.S.C. 1681s-2(a)(2) and 1681s-2(a)(8).

34. ZHL acknowledged the disputes, attached as Exhibit 8 and sent a reply, attached as Exhibit 9.

35. ZHL failed to conduct a reasonable investigation in violation of 15 U.S.C. 1681s-2(b)(1)(A)

36. ZHL failed to promptly correct the information, delete the information or block the information in violation of 15 U.S.C. 1681s-2(b)(1)(E). Following the dispute, ZHL continued furnishing information containing numerous inaccurate late payments.

37. As a result of ZHL's failure to comply with the requirements of 15 U.S.C. 1681, the Plaintiffs have suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of privacy and emotional distress for which the Plaintiffs seek damages in an amount to be determined by the jury.

## **Count Two- Violations of FCRA- EQ**

38. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

39. At all times pertinent hereto, EQ is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

40. At all times pertinent hereto, the Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1681.

41. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

42. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

43. On April 15, 2021, Plaintiffs notified EQ that their credit reports contained inaccurate information and provided proof so that EQ would correct the problem. Their EQ reports' indicated that ZHL's payments were delinquent.

44. EQ failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681e(b), 15 U.S.C. section 1681i, 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

45. The disputes included the Plaintiffs' name, address, social, and date of birth. Attached to the dispute letter, the Plaintiffs provided proof of all payments to their mortgage company since November 2020 through the date of the dispute.

46. EQ prepared, compiled, issued, assembled, transferred, published and otherwise reproduced Consumer Reports regarding Plaintiffs which contained information that was false, misleading and inaccurate when the Plaintiffs disputed the information. EQ failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more 3rd parties pertain to the Plaintiffs in violation of 15 U.S.C. 168e(b), such failure resulting and erroneously incorrect information being reported on the Plaintiffs' credit report.

47. EQ further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct and/or delete the false reporting despite circumstances it knew or reasonably should have known that it was mis-reporting the Plaintiffs' information.

48. As a result of EQ's failure to comply with the requirements of 15 U.S.C. 1681e(b), the Plaintiffs have suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of privacy, and emotional distress for which the Plaintiffs seek damages in an amount to be determined by the jury.

49. EQ's failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent within the meaning of 15 U.S.C. section 1681o.

50. As a direct and proximate result of EQ's negligent violation of 15 U.S.C. section 1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of information it reported on the Plaintiffs' credit reports, the Plaintiffs have suffered actual damages as set forth herein.

51. EQ's failure to comply with the requirements of 15 U.S.C. section 1681e(b) is willful within the meaning of 15 U.S.C. section 1681n(a).

52. EQ, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper responses to dispute notification by the Plaintiffs, rather according to its corporate policy, EQ failed to investigate Plaintiffs' claims that ZHL was misreporting credit information. EQ did not take any steps to check and see if the Plaintiffs' credit reports were accurate or otherwise investigate the Plaintiffs' claims.

53. EQ knew or should have known that it operated with reckless disregard of the risk that its corporate policy creates an unrealistic risk of violation of the statutory consumer protections of the fair credit reporting act and the Plaintiffs would be harmed by its policy.

54. As a direct and proximate result of EQ's willful violations of 15 U.S.C. 1681e(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding the Plaintiffs' credit history, Plaintiffs are damaged and EQ is liable to

the Plaintiffs for the actual damages Plaintiffs sustained by reason of such conduct together with statutory and punitive damages as well as reasonable attorney fees and costs pursuant to 15 U.S.C. section 1681n.

55. At one or more times after receiving the Plaintiffs notice of dispute, EQ breached the duty imposed upon it pursuant to 15 U.S.C. section 1681i(a)(1)(A) to conduct a reasonable dispute reinvestigation, including:

1. By otherwise failing to conduct actual dispute investigation,
2. By otherwise failing to conduct only a superficial investigation;
3. By conducting an investigation that merely looked to see whether the disputed information was reported and was received from USB rather than considering whether the substance of the information was accurate;
4. By failing to consider or evaluate the fact of a credit reporting agency had deleted the Plaintiffs' disputed account information;
5. By failing to contact the Plaintiffs directly to learn for of the reason for the dispute and/or their explanation of the facts or any missing information;

56. EQ failed to conduct a meaningful investigation as to the quality of responses of the credit information furnishers had provided and by failing to evaluate the dispute identified by the Plaintiffs and instead deferred to the an adequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon the initial dispute notice.

57. EQ failed to properly reinvestigate the Plaintiffs' disputes, perform perfunctory and essentially useless investigation and/or reinvestigation's resulting in their inaccurate verification of false reports and continued to prepare and issue false consumer report including false, derogatory information concerning the Plaintiff's credit report. Following the dispute, EQ still reported ZHL with numerous delinquent mortgage payments. As a direct and proximate result of EQ's failure to investigate and update the Plaintiffs' report, the Plaintiffs have been damaged. Plaintiffs are being hampered and or outright denied credit opportunities based on the inaccurate information.

## Count Three- Violations of FCRA- TU

58. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

59. At all times pertinent hereto, TU is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

60. At all times pertinent hereto, the Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1681.

61. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

62. At all times pertinent hereto, the above-mentioned reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

63. On April 15, 2021, Plaintiffs notified TU that their credit reports contained inaccurate information and provided proof so that TU would correct the problem. Their TU reports indicated that ZHL' account was delinquent.

64. TU failed to comply with all the requirements of the FCRA including, but not limited to, the provision of 15 U.S.C. section 1681e(b), 15 U.S.C. section 1681i, 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

65. The disputes included the Plaintiffs' name, address, social, and date of birth. Attached to the dispute letter, the Plaintiffs provided proof of all payments to their mortgage company since November 2020 through the date of the dispute.

66. TU prepared, compiled, issued, assembled, transferred, published and otherwise reproduced Consumer Reports regarding Plaintiffs which contained information that was false, misleading and inaccurate when the Plaintiffs disputed the information. TU failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more 3rd parties pertain to the Plaintiffs in violation of 15 U.S.C. 168e(b), such failure resulting and erroneously incorrect information being reported on the Plaintiffs' credit reports.

67. TU further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct and/or delete the false reporting despite circumstances it knew or reasonably should have known that it was mis-reporting the Plaintiffs' information.

68. As a result of TU's failure to comply with the requirements of 15 U.S.C. 1681e(b), the Plaintiffs have suffered, and continues to suffer, actual damages, including economic loss, denial of credit, the loss of opportunity to receive credit, damage to reputation, invasion of privacy, and emotional distress for which the Plaintiffs seek damages in an amount to be determined by the jury.

69. TU's failure to comply with the requirements of 15 U.S.C. 1681e(b) is negligent within the meaning of 15 U.S.C. section 1681o.

70. As a direct and proximate result of TU's negligent violation of 15 U.S.C. section 1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of information it reported on the Plaintiffs' credit reports, the Plaintiffs have suffered actual damages as set forth herein.

71. TU's failure to comply with the requirements of 15 U.S.C. section 1681e(b) is willful within the meaning of 15 U.S.C. section 1681n(a).

72. TU, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper responses to dispute notification by the Plaintiffs, rather according to its

corporate policy, TU failed to investigate Plaintiffs' claims that the defendant was misreporting credit information. TU did not take any steps to check and see if the Plaintiffs' credit reports were accurate or otherwise investigate the Plaintiffs claims.

73. TU knew or should have known that it operated with reckless disregard of the risk that its corporate policy creates an unrealistic risk of violation of the statutory consumer protections of the fair credit reporting act and the Plaintiffs would be harmed by its policy.

74. As a direct and proximate result of TU's willful violations of 15 U.S.C. 1681e(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding the Plaintiffs' credit history, Plaintiffs have been damaged and TU is liable to the Plaintiffs for the actual damages Plaintiffs sustained by reason of such conduct together with statutory and punitive damages as well as reasonable attorney fees and costs pursuant to 15 U.S.C. section 1681n.

75. At one or more times after receiving the Plaintiffs notice of dispute, TU breached the duty imposed upon it pursuant to 15 U.S.C. section 1681i(a)(1)(A) to conduct a reasonable dispute reinvestigation, including:

1. By otherwise failing to conduct actual dispute investigation,
2. By otherwise failing to conduct only a superficial investigation;
3. By conducting an investigation that merely looked to see whether the disputed information was reported and was received from USB rather than considering whether the substance of the information was accurate;
4. By failing to consider or evaluate the fact of a credit reporting agency had deleted the Plaintiffs' disputed account information;
5. By failing to contact the Plaintiffs directly to learn for of the reason for the dispute and/or their TU explanation of the facts or any missing information;

76. TU failed to conduct a meaningful investigation as to the quality of responses of the credit information furnishers had provided and by failing to evaluate the dispute identified by the Plaintiffs and instead deferred to the adequate investigation and responses by the credit information furnishers despite knowledge of the probability of lack of thorough investigation upon the initial dispute notice.

77. TU failed to properly reinvestigate the Plaintiffs' disputes, perform perfunctory and essentially useless investigation and/or reinvestigation's resulting in their inaccurate verification of false reports and continued to prepare and issue false consumer report including false, derogatory information concerning the Plaintiffs' credit reports. Following the dispute, TU still reported ZHL as delinquent. As a direct and proximate result of TU's failure to investigate and update the Plaintiffs' reports, the Plaintiffs has been damaged. Plaintiffs are being hampered and or outright denied credit opportunities based on the inaccurate information.

## Actual Damages

78. The Plaintiffs incorporate herein by reference all preceding paragraphs as if fully set forth herein.

79. In this action, the Plaintiffs have suffered the following actual damages:

    a. Missed work
    b. Travel expenses
    c. Attorney fees
    d. Mailings
    e. Cost
    f. Credit Damage
        - Increased out of pocket expenses
        - Loss of credit expectancy
        - Loss of credit capacity
    g. Emotional distress- stress and anxiety

**WHEREFORE**, the Plaintiffs having set forth the claims for relief against the Defendants, pray the following:

    A. That all Defendants be required to answer this Complaint;
    B. Actual damages or statutory damages to be determined by the jury;
    C. Punitive damages to be determined by a jury;

D. Injunctive relief;

E. Attorney's fee;

F. Cost and expenses incurred in this action;

G. Such other relief as this Court may deem just and proper.

## TRIAL BY JURY IS DEMANDED

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demand a trial by jury on all issues so triable.

Date this the 2nd day of June, 2021.

Harlan, Slocum & Quillen

/s/ Keith D. Slocum
Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.cm
bknotices@robertharlan.com
*Attorney for Plaintiffs*

Exhibit List:

Exhibit 1: Note
Exhibit 2: Service Transfer 10.21.2020
Exhibit 3: Service Transfer 11.24.2020
Exhibit 4: Proof of Payments
Exhibit 5: Mrs. Johnson Affidavit Regarding ZHL Calls
Exhibit 6: Mr. Johnson Dispute Letters
Exhibit 7: Mrs. Johnson Dispute Letters
Exhibit 8: ZHL Acknowledgment of Dispute
Exhibit 9: ZHL Dispute Response